# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. FERNANDO SANCHEZ, Defendant. | Case No. CR10-0108 ORDER FOR PRETRIAL DETENTION |

On the 9th day of November 2010, this matter came on for hearing on the Government's motion for detention made at the Defendant's initial appearance before a judicial officer. The Government was represented by Special Assistant United States Attorney Daniel Aaron Chatham. The Defendant appeared personally and was represented by his attorney, John J. Bishop.

## RELEVANT FACTS

On November 2, 2010, Defendant Fernando Sanchez was charged by Superseding Indictment (docket number 14) with possession with intent to distribute methamphetamine. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on January 3, 2011.

David Hoagland, a Special Agent with Immigration and Customs Enforcement assigned to the DEA Task Force, testified regarding the circumstances underlying the instant charge. On September 16, 2010, Defendant picked up William De Jesus, Jr. at De Jesus' residence. Defendant and De Jesus drove to a Days Inn in Cedar Rapids, Iowa, where Defendant was staying. At the hotel, Defendant retrieved items in a black bag from his room. Defendant and De Jesus left the hotel, and drove to a Mexican restaurant for

a pre-arranged meeting with a confidential source ("CS"). De Jesus had arranged the meeting with the CS for the purchase of drugs.

At the Mexican restaurant, Defendant and De Jesus met with the CS. The CS and Defendant went out to Defendant's vehicle. Defendant showed methamphetamine to the CS. Defendant and the CS agreed to meet at a different location to complete the drug transaction.

Defendant and De Jesus returned to their vehicle and left the restaurant. Rafael Alegria-Ugalde was also in the vehicle when it left the restaurant. While driving, they observed a marked Cedar Rapids police car and turned off the road into a business drive. They returned to the road, and observed the Cedar Rapids police car a second time. Again, they pulled off the road into a business drive. When they returned to the road, police officers turned on the lights in their squad car, and attempted to stop the vehicle. The men did not stop the vehicle, and attempted to elude the police. A high speed chase ensued in a residential area. De Jesus was driving 60 to 80 mph in a 30 mph zone. A tire on the vehicle blew out, and the vehicle was stopped.

The car belonged to Alegria-Ugalde. When the vehicle was stopped, De Jesus was the driver. Defendant and Alegria-Ugalde were passengers. Alegria-Ugalde attempted to flee from the police on foot, but was caught quickly. All three individuals were arrested. A K-9 unit was called in, and alerted on the center console of the car. Officers searched the center console and found 27 ounces of methamphetamine and a handgun.

All three men were interviewed following their arrests. Defendant and Alegria-Ugalde stated that they were staying at a Days Inn. They indicated that two females were also staying with them.

Police officers interviewed the two females. The women told law enforcement that they started in Denver, Colorado, with Defendant and Alegria-Ugalde. One of the females was paid $600 to drive Defendant and Alegria-Ugalde to Iowa. The other woman was a friend of the female driver, and came along for the ride. One of the woman stated that before they left Denver, she saw the handgun placed in the center console of the car. The

2

women also admitted smoking marijuana and methamphetamine while on the trip from Denver to Iowa.

According to the pretrial services report, Defendant is 24 years old. He was born in San Diego, California, but grew up in Mexico. His mother and father both reside in Mexico. He also has a brother who resides in Mexico. In 2000, Defendant moved back to the United States to live with his sister in Denver. Defendant is single and has never been married. He has a two year old son from his current relationship with a woman in Colorado.

Defendant has been employed for the past six years doing asbestos removal for a company in Denver. He stated that the company would send him to various locations throughout the United States to do asbestos removal, including Cedar Rapids following the flood in 2008. Additionally, Defendant indicated that he had recently worked as a roofer for Roof Check, Inc. in Denver.

Defendant is in good physical health and has no past or present mental health or emotional concerns. Defendant reports that he experimented with marijuana in 2008, but "didn't like it," and has not used it since that time.

Between July 4, 2003 and December 7, 2008, Defendant was convicted of driving without a license (twice), driving under suspension, reckless driving, and driving without insurance. On December 21, 2008, Defendant was charged with "driving under restraint." On January 20, 2009, Defendant failed to appear for a court hearing. An arrest warrant was issued, but later cancelled. On February 4, 2009, Defendant was sentenced to five days in jail, which was suspended, five days of home detention, and ordered to pay a $387 fine.

On January 15, 2009, while the first driving under restraint charge was pending, Defendant was charged again with driving under restraint. Six days later, on January 21, Defendant was charged and later convicted of driving without a license.

On February 28, 2009, Defendant was charged and later convicted of driving under the influence of liquor. Defendant was sentenced to 30 days in jail, which was suspended,

he was placed on one year probation, and ordered to pay a $1,509 fine. On February 18, 2010, an arrest warrant was issued for Defendant's failure to comply with probation. The warrant was served and Defendant's probation was revoked on March 25, 2010. Defendant served 54 days in jail.

On August 7, 2009, while on probation on the driving under the influence charge, Defendant was charged and later convicted of driving under restraint, involving alcohol and/or drugs. Defendant was sentenced to 30 days in jail, which was suspended, 30 days of home detention, and ordered to pay a $1,105 fine. Several warrants were issued and later cancelled for failure to pay. The costs and fines were eventually waived.

On September 29, 2009, while still on probation, Defendant was charged and later convicted of driving under restraint, involving alcohol. On October 16, 2009, Defendant failed to appear for a court hearing, and an arrest warrant was issued. The warrant was served and Defendant was placed on 45 days of electronic surveillance. On January 28, 2010, an arrest warrant was issued for contempt of court. The warrant was served and Defendant was sentenced to 30 days in jail. He was credited 29 days for time served.

On March 23, 2010, Defendant was charged and later convicted of obstructing police by giving a false statement to city personnel. Defendant gave two false names to an investigating officer. Defendant pleaded guilty to this offense.

On August 21, 2010, Defendant was charged in Colorado with driving without a license, driving under restraint, driving without insurance, and driving after revocation, habitual offender. On September 17, 2010, Defendant failed to appear for a court hearing, and a warrant was issued for his arrest. The Court notes, however, that Defendant was arrested in Iowa the day before, on September 16, on the conduct charged in the instant Indictment. The warrant remains outstanding in Colorado.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984,

while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with possession with intent to distribute methamphetamine, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's

5

evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two

factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* *See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with possession with intent to distribute methamphetamine. The weight of the evidence against Defendant is strong. On September 16, 2010, Defendant met with a CS and arranged for a drug transaction involving methamphetamine. While driving away from the meeting with the CS, Defendant was involved in an attempt to elude police. When the vehicle was stopped, police officers found 27 ounces of methamphetamine and a handgun in the center console of the car. Defendant has limited ties to the community. Defendant has failed to appear at court proceedings in the past. If convicted of the offense charged, Defendant faces a mandatory minimum of 10 years in prison. Based on the serious nature and circumstances of the offense, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

7

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (November 4, 2010) to the filing of this Ruling (November 10, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 10th day of November, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA